UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CECIL D. ANDRUS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF ENERGY,<br><br>    Defendant. | Case No. 1:15-cv-00453-BLW<br><br>ORDER |

The Court has before it Plaintiff's the Motion to Substitute Party Plaintiff Under Rule 25(a) (Dkt. 26). The motion is unopposed. Good cause showing, the Court will grant the motion.

The Court also has a set of documents from DOE for *in camera* review. In an earlier Memorandum Decision and Order, the Court asked to review the documents *in camera* so the Court could determine whether DOE properly withheld them from the plaintiff pursuant to the deliberative process privilege, attorney-client privilege, or work product doctrine. (Dkt. 24). The Court explained in detail its understanding of those

privileges and doctrine in the earlier decision, and the Court will not repeat that here. After obtaining permission from the plaintiff's counsel, the Court's staff also had an *ex parte* discussion with DOE counsel to make sure the Court correctly understood DOE's Vaughn index, as well as its assertion of the privileges and doctrine to the *in camera* documents.

The Court has now reviewed the documents in detail, and the Court finds that DOE properly asserted the privileges and doctrine. The Court will note that it flyspecked the redactions, particularly with regard to whether the deliberative process privilege was properly asserted. I initially concluded that there were a few sentences which, considered in isolation, may have been restatements of publicly available information, or otherwise not protected by the privilege. However, after a thorough review of all the documents, the Court has determined that these few items were of no real significance, and that disclosure could potentially defeat the purpose of the deliberative process privilege, which "allows agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny." *Assembly of State of Cal. v. U.S. Dept. of Commerce,* 968 F.3d 916, 920 (9th Cir. 1992). The Court now finds that the few potential sentences the Court initially believed were not subject to the deliberative process privilege were necessary context for the internal discussions at DOE – and indirectly disclose the internal deliberations of the Department. Accordingly, the Court will not require DOE to provide the plaintiff with a copy of any of the documents reviewed *in camera*.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's the Motion to Substitute Party Plaintiff Under Rule 25(a) (Dkt. 26) is **GRANTED**.

2. The Court will sustain DOE's assertion of privilege, and not require it to provide the plaintiff with a copy of any of the documents provided to the Court for *in camera* review. The Court will note that it made two copies of the documents in order to do the thorough review of the documents. The Court will shred those two copies. The Court will also shred the original copy provided by DOE unless DOE counsel prefers the Court return them. Counsel shall contact the Court's Law Clerk, Jeff Severson, at (208) 334-9027, and inform him of their preference.

DATED: February 6, 2018

B. Lynn Winmill
Chief U.S. District Court Judge